Sept. 1839.

Jewett
and others
v.
The Albany
City Bank
and others.

JEWETT and others *vs.*

THE ALBANY CITY BANK and others.

When an injunction has been allowéd, exparte by a Vice Chancellor, upon filing a bill, and upon the coming in of the answer, an order has been made by the Vice Chancellor to dissolve the injunction, from which decision an appeal has been taken to the Chancellor, such appeal does not revive the injunction.

An application to revive the injunction in such case, after appeal, and after proofs are taken, is properly made to the Vice Chancellor, and not to the Chancellor.

But such application will not generally be allowed, unless irremedia- ble mischief and damage will follow its refusal.

As to the force and effect of an answer upon such an application when the oath is waived. *Quære.*

THE facts of this case will sufficiently appear in the opinion of the court.

*H. R. Selden,* for complainants.

*H. H. Martin,* for Albany City Bank.

THE VICE CHANCELLOR. Upon filing the bill in this cause an injunction was granted, restraining the defendants from proceeding at law. Upon the coming in of the answer of the defendants, the City Bank, an order was made to dissolve the injunction. From this order the complainants appealed to the Chancellor, which appeal is now pending. The proofs were subsequently taken in the cause and closed. The complainants now file a petition, based upon the pleadings and proofs, and ask for an order to stay the defendants from proceeding at law. The case of Hart *vs* The Mayor, &c. of Albany, 3 Paige's Reports, 381, is cited to shew that the court has

Jewett
and others
v.
The Albany
City Bank
and others.

power to grant an order of the kind here asked for. That was the case of a dissolution of an injunction by the Chancellor, and an appeal from such order to the Court of Errors. The complainant filed a petition, praying for an order to restrain the defendants from proceeding, notwithstanding the appeal. The complainant's counsel insisted that, by the operation of the statute, the appeal was such a stay of proceedings that the defendants could not go on with the proceedings, which they were restrained from prosecuting; or, in other words, that an appeal was a virtual revival of the injunction. This view of the case was repudiated by the Chancellor; and his reasoning on that branch of the subject will apply with more force in this case. Appeals from the Chancellor to the Court of Errors are governed by Article 3, Title 3, Chap. 9, Part 3d, of the Revised Statutes, 2d vol. p. 502. The Chancellor, by the above decision, has given a construction to the 89th Section of that statute. Appeals from the Vice Chancellor to the Chancellor, so far as the proceedings are to be affected by such appeal, are to be regulated by general rules, to be made by the Chancellor, 2 Rev. Statute, 107, Sec. 67. By the 116 Rule of this court, the Chancellor has prescribed the effect of such appeals, and has adopted the same rules prescribed by the Legislature, in relation to appeals from the Chancellor to the Court of Errors, with some qualifications. So far as this question is concerned, the rule provides that no appeal from any interlocutory order or decree of a Vice Chancellor, shall operate as a stay of proceedings for any time, unless a special order to that effect shall be made by the Chancellor; or unless the Vice Chancellor shall give

a certificate of probable cause. In this case, there-
fore, there can be no pretence that the appeal from
the order dissolving the injunction, is a stay of pro-
ceedings, or in any other way operates to keep in
force the injunction. Neither do I understand it to
be so urged by the complainants in this cause; but
they insist that it is competent for this court, under
the authority of Hart *vs.* The Mayor of Albany, to
grant an order virtually reviving the injunction, not-
withstanding its dissolution, and an appeal therefrom.
I had some doubts when the case was presented,
whether this petition should be presented to the Vice
Chancellor, or the Chancellor. The order appealed
from is necessarily before the Chancellor, and the
power of controlling it has passed from the Vice
Chancellor. That order was for the dissolution of
the injunction; and it may be a question of some
doubt, whether all matters connected with the in-
junction are not by the appeal, taken before the Chan-
cellor.

But upon reflection, I have come to a different con-
clusion. Though an interlocutory order is appealed
from, and all questions connected with that order
have passed from the jurisdiction of the Vice Chan-
cellor, yet the general papers of the cause, and the
cause itself, remain with the Vice Chancellor. Since
the appeal was made, proofs have been taken in the
cause; and an order has been entered to close proofs;
and it is upon the facts disclosed by such proofs prin-
cipally that this application is made. This applica-
tion is not to stay any proceedings upon the appeal,
but to restrain a proceeding by the defendants out of
court; and the granting of the order asked for would
be an original exercise of judicial power over the

Sept. 1839.

*Jewett and others v. The Albany City Bank and others.*

parties in the cause, consequently it seems to me that the application is properly made to the court which had original jurisdiction in the cause, and before which all the general interests of the cause still remain.

Perhaps, under the authority of the case of Hart *vs.* The Mayor of Albany, above cited, it ought not to be doubted, that this court has the authority to grant the order asked for. Extreme circumstances may justify the exercise of such power over suitors and parties, for the advancement of justice. It cannot, however, fail to strike one as inconsistent, to make an order restraining the defendant from proceeding at law, after the court has decided upon full hearing of both parties, that the defendants may properly proceed at law. Here is an injunction dissolved upon the coming in of the answer, supposed to deny the whole equity of the bill. After the proofs are taken, which are alleged to effectually contradict the answer, the court is asked virtually to restore the injunction upon such proofs. Is it competent to make an application upon such grounds? If competent, what force and effect shall the answer have upon such application? Shall it be deemed to be the testimony of the defendants, and have the full force and effect of an answer upon oath? Or, the oath of the defendants being waived as in this case, should it be entirely without effect? Upon the motion to dissolve the injunction, the answer for the purposes of that motion had the weight of evidence. After the proofs are taken, and an application like this is made, shall the answer for the purpose of this motion be denied the force of evidence? If it shall, there will scarcely, in any case, be any difficulty in

restoring or reviving an injunction, after proofs have been taken, when the oath to the answer is waived. These reflections suggest serious obstacles to the granting of the order prayed for.    I am not prepared to say that they are insurmountable, but they are sufficiently formidable to prevent granting the order, unless great and irreparable mischief would follow from its refusal.    Such was the case in Hart *vs.* The Mayor of Albany.    There would have been a destruction of property, which could not be restored. Such is not the case here.    The defendants may obtain a judgment in their suit at law; but that can produce no irreparable mischief—no mischief which cannot be fully remedied by a decree of this court in this cause.

<span style="float:right">Sept. 1839.

The motion of the complainants is, therefore, denied.